# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## STEPHANIE D. TURNER V. KEVIN TURNER

**Direct Appeal from the Chancery Court for Fayette County**
**No. 12354     Martha Brasfield, Chancellor**

**No. W2012-01750-COA-R3-CV - Filed April 23, 2013**

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Harriet Thompson, Bolivar, Tennessee, for the appellant, Kevin Turner.

Charles Wendell McGhee, Memphis, Tennessee, for the appellee, Stephanie D. Turner.

Robert E. Cooper, Jr., Attorney General and Reporter; and Alexander S. Rieger, Assistant Attorney General for the appellee, Intervenor State of Tennessee, Office of the Attorney General.

### MEMORANDUM OPINION[1]

The parties to this appeal, Appellant Kevin Turner ("Father") and Appellee Stephanie D. Turner ("Mother"), were divorced in the trial court by order entered on October 19, 2000. Among other things, the final decree of divorce awarded absolute and exclusive custody and control of the parties' minor children to Father. Afterwards, Father filed a petition to terminate Mother's parental rights on July 16, 2001, alleging, among other things, that Mother had abandoned the children by failing to visit and maintain a relationship with the

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

children, that Mother had failed to maintain a permanent residence and that Mother's drug use rendered her consistently unable to care for the children in a safe and stable manner. On December 5, 2001, Father filed a motion for default judgment and obtained entry of an order terminating Mother's parental rights by default on December 20, 2001.

On July 29, 2010, Mother filed a petition in the trial court seeking to set aside the order of termination. In her petition, Mother averred that proper service had not been conducted in the prior proceedings due to a defective affidavit for constructive service and an incorrect address for actual service. Father filed his answer to the petition on September 1, 2010, and on April 14, 2011, filed a pleading styled "Memorandum of Law in Opposition to Petition to Set Aside Termination of Parental Rights and in Support of Motion for Summary Judgment." Although the appellate record does not contain a separate motion for summary judgment filed by Father, the body of the memorandum requests summary judgment on the basis that Mother's petition had been filed well beyond the outer time limit permitted by the statute of repose regarding an order of termination of parental rights found at Tennessee Code Annotated section 36-1-113 and the statute of repose concerning adoptions found at Tennessee Code Annotated section 36-1-122. Mother filed a response to the pleading on May 18, 2011, and then Father filed a sur-reply on June 9, 2011

During the pendency of the proceedings, the trial court entered an order on August 8, 2011, stating that the trial court had received a copy of a letter from Mother's attorney indicating that he had given notice to Attorney General Robert E. Cooper, Jr. that Mother intended to challenge the constitutionality of Tennessee Code Annotated section 36-1-113(q) and 36-1-122(b)(2). The trial court directed Mother's attorney to properly comply with Tennessee Code Annotated section 29-14-107(b) and the trial court continued the hearing that had previously been scheduled for August 19, 2011.

The trial court conducted the hearing of this matter on March 28, 2012, and entered an order on July 18, 2012, reflecting its ruling. The trial court's order found, among other things, that:

> The Father alleges that under Tenn. Code Ann. § 36-1-113(q) prohibits (sic) an attack on the order terminating parental rights more than one year after the filing of the order. The Mother contends that this statute is unconstitutional. The State of Tennessee has been properly notified of the constitutional challenge. This issue has not been argued.

Then, on September 26, 2012, the trial court entered an order which, among other things, found that as a result of the entry of the Order Setting Aside the Order Terminating Parental Rights entered in this cause, the issues concerning the constitutionality of Tennessee Code Annotated section 36-1-117(m)(1) and Tennessee Code Annotated

section 21-3-103(a)(5) which were raised by Mother were now moot.[2]  Consequently, the trial court determined that all issues and motions raised by the pleadings had been resolved and therefore, that Order constituted a final order.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter.  After this review, it appeared to the Court that it does not have jurisdiction and therefore, by Order entered on January 14, 2013, this Court entered an Order directing Appellant Kevin Turner to obtain entry of a final judgment in the trial court within ten (10) days of the entry of this Order.  Specifically, we could find nothing in the record reflecting that the trial court disposed of the defense of Appellant Kevin Turner that Tennessee Code Annotated section 36-1-113(q) prohibits an attack on an order terminating parental rights more than one (1) year after the filing of the order. Moreover, the constitutionality of Tennessee Code Annotated sections 36-1-113(q) and 36-1-122(b)(2) were never considered by the trial court.

The Clerk of this Court received a supplemental record for this matter containing an order of the trial court entered on January 23, 2013.  In the order, the trial court stated that the trial court could not enter a final order until the constitutionality of Tennessee Code Annotated section 36-1-113(q) has been argued and the trial court could not accomplish that task within the time frames set forth in our Order of January 14, 2013. As of this date, this Court has not received any further supplements to the appellate record nor has Appellant filed a motion requesting an extension of time to comply with our Order of January 14, 2013.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable.  Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.  *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).  Because the order appealed is not a final judgment, this Court does not have jurisdiction of this matter and therefore, we must dismiss the appeal.

---

[2] The pleadings of the parties, however, do not address the constitutionality of Tennessee Code Annotated section 36-1-117(m)(1) which provides "[s]ervice of process for adoption proceedings and termination proceedings in chancery and circuit courts pursuant to this part shall be made pursuant to the Tennessee Rules of Civil Procedure and the statutes governing substituted service."   T.C.A. § 36-1-117(m)(1).  We further assume that the trial court's citation to Tennessee Code Annotated section 21-3-103(a)(5) is incorrect and instead, believe that the proper citation should have been to Tennessee Code Annotated section 21-1-203(a)(5) which provides "Personal service of process on the defendant in a court of chancery is dispensed with in the following cases: ...(5) When the residence of the defendant is unknown and cannot be ascertained upon diligent inquiry... ."   T.C.A. § 21-1-203(a)(5).

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Kevin Turner, and the surety for which execution may issue if necessary.

**PER CURIAM**